EFiled:  May 29 2015 12:40PM EDT
Transaction ID 57309270
Case No. Multi-Case

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

May 29, 2015

Stephen P. Lamb, Esquire
Meghan M. Dougherty, Esquire
Paul, Weiss, Rifkind, Wharton
    & Garrison LLP
500 Delaware Avenue, Suite 200
Wilmington, DE  19801

Kevin G. Abrams, Esquire
J. Peter Shindel, Jr., Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE  19807

Re:  *AM General Holdings LLC v. The Renco Group, Inc.*
        C.A. No. 7639-VCN
      *The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
        C.A. No. 7668-VCN
      Date Submitted:  February 13, 2015

Dear Counsel:

The Renco Group, Inc. ("Renco") and MacAndrews AMG Holdings LLC

("MacAndrews AMG") ask the Court to intervene once more regarding selection

of the Third Appraiser to value AM General Holdings LLC ("Holdco").[1]   In

---

[1] MacAndrews AMG Holdings LLC's Mot. to Order Compliance with Ct.'s Order for Appointment of Third Appraiser; Pl. The Renco Group, Inc.'s Second Renewed Mot. for Appointment of Third Appraiser.  The Court focuses on the current dispute over valuation professionals' conflicts and will not delve into background

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
May 29, 2015
Page 2

November 2014, the Court selected Valuation Research Corporation ("Valuation Research") as the Third Appraiser, "subject to a conflicts check."[2] The Court reasoned that Valuation Research "appears to be the firm most closely meeting the standards agreed to by the parties."[3] For purposes of the conflicts check, the Court relied on a test that was elaborated in Renco's Renewed Application for Appointment of a Third Appraiser[4]:

> A conflict shall exist and Valuation Research shall not proceed as Third Appraiser if, at any time within the last five years, Valuation Research has performed work for or otherwise been engaged in any

---

that has been discussed elsewhere. *See, e.g.*, *Renco Gp., Inc. v. MacAndrews AMG Hldgs. LLC*, 2013 WL 3369318, at *2 (Del. Ch. June 19, 2013).

[2] *AM Gen. Hldgs. LLC v. Renco Gp., Inc.*, 2014 WL 6734850, at *1 (Del. Ch. Nov. 28, 2014).

[3] *Id.* According to Holdco's operating agreement, a "Qualified Appraiser" is "a firm with a national reputation for appraising businesses engaged in activities such as those engaged in by the relevant Person or for appraising assets that are comparable to the assets of the relevant Person." Aff. of Steven C. Herzog, Esquire ("Herzog Aff.") Ex. A § 1.1, Jan. 23, 2015.

[4] Herzog Aff. Ex. B ¶ 6 ("Renco's view is that the Third Appraiser should be fully neutral, without even the appearance of a conflict of interest—meaning the person and his or her firm should have no current or past relationship with Renco, MacAndrews AMG, or their respective affiliates.").

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
May 29, 2015
Page 3

capacity by Renco, MacAndrews AMG, or any of their affiliates listed for purpose of the conflict check.[5]

After Valuation Research disclosed that it has performed work for clients of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), MacAndrews AMG's counsel, Renco "refuse[d] to go forward with Valuation Research."[6] MacAndrews AMG filed its motion to order compliance with the Court's November 2014 order on January 22, 2015. Renco filed its own motion in connection with its opposition to MacAndrews AMG's motion. Renco is concerned that Valuation Research has worked with Paul, Weiss for mutual clients numerous times over the past five years and has received approximately $3-$5 million from related engagements (over an undefined period), representing work "'orders of magnitude' greater than [Valuation Research's] work with any other law firm."[7] Some work for mutual clients is ongoing, and Valuation

---

[5] *AM Gen. Hldgs. LLC v. Renco Gp., Inc.*, C.A. Nos. 7639 & 7668, at 2 (Del. Ch. Nov. 28, 2014) (ORDER). It is the Court's understanding that counsel were not listed as (or considered) affiliates.

[6] Herzog Aff. ¶¶ 14, 18.

[7] Renco's Br. in Supp. of Its Second Renewed Appl. to Appoint Third Appraiser and in Opp'n to M&F Parties' Mot. to Require Parties to Proceed with VRC as

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
May 29, 2015
Page 4

Research's president has received thousands of emails from Paul, Weiss.[8] Furthermore, Renco faults MacAndrews AMG (and related parties[9]) for not disclosing these ties earlier. There is no issue about engagement by the parties and their affiliates, as set forth in the November 2014 order, over the last five years.[10]

Renco argues that Valuation Research cannot serve as the Third Appraiser because of its relationship with Paul, Weiss and MacAndrews AMG's non-disclosure. Under the evident partiality standard, an arbitrator's failure "to disclose a substantial personal or financial relationship with a party, a party's agent, or a party's attorney that a reasonable person would conclude was powerfully

---

Third Appraiser ("Renco Opp'n Br.") 6-7 (citing Decl. of Joshua R. Weiss in Supp. of Renco's Second Renewed Mot. to Appoint Third Appraiser ("Weiss Aff.") ¶¶ 8-10).

[8] Weiss Aff. ¶¶ 8, 11. It should be noted that Valuation Research has also performed work for clients of Renco's Delaware counsel, including directly working with one of the attorneys involved in this action. Herzog Aff. ¶¶ 14, 16. Renco's Delaware counsel does not believe that this presents a conflict. Renco Opp'n Br. 7 n.4.

[9] For the purposes of the pending motions, the Court does not distinguish among MacAndrews AMG and two of its affiliates, MacAndrews & Forbes Inc. and Ronald O. Perelman, who are parties to this action.

[10] Herzog Aff. ¶ 13.

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
May 29, 2015
Page 5

suggestive of bias" is reason to invalidate an arbitrator's award.[11]  It is the burden

of the party seeking vacatur to establish that an undisclosed relationship "is so

intimate—personally, socially, professionally or financially—as to cast serious

doubt on [the arbitrator's] impartiality."[12]  The fact of non-disclosure of such

relationships is enough to require vacatur, protecting courts from engaging in

inefficient and unfruitful analysis of actual bias.[13]  This formulation of a standard is

obviously framed for application after an award; here, Valuation Research has not

formally commenced its valuation work.  Yet, the nature of the relationship that

makes serving as an arbitrator (or appraiser) inappropriate is well-described.

The current situation is distinguishable from those in the authority Renco

cites, however, because the alleged conflict is not so serious as to be

---

[11] *Del. Transit Corp. v. Amalgamated Transit Union Local 842*, 34 A.3d 1064, 1072 (Del. 2011).  Arbitration is not the same as appraisal, but Renco relies on arbitration cases, and the reasoning is persuasive because the role of the Third Appraiser is similar to that of an arbitrator.

[12] *Id.* at 1073 (alteration in original) (internal quotation marks omitted).

[13] *See Beebe Med. Ctr., Inc. v. InSight Health Servs. Corp.*, 751 A.2d 426, 436-37 & n.33 (Del. Ch. 1999).

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
May 29, 2015
Page 6

disqualifying,[14] and Valuation Research disclosed its relationship with clients of Paul, Weiss before it began its work.[15] Instead, the reasoning in *Anadarko Petroleum Corp. v. Panhandle Eastern Corp.*[16] (though addressing a dispute over a representative selected by one party to negotiate with the other party's representative) respecting the discretion of an arbitrator is more on point. In *Anadarko*, the Court explained that it should not, at the outset, interfere with an arbitrator's judgment of his ability to serve once he has disclosed possible conflicts.[17] All too aptly, the Court cautioned that "[a]ny other rule might spawn endless applications and indefinite delay."[18]

On the other hand, the Court does not intend to suggest that the independence of an appraiser can never be challenged or that the standard used in its November 2014 order is a definitive test for conflicts. There may be cases

---

[14] *See infra*. Of course, the Court's conclusion on this limited record should not influence Valuation Research's own assessment of its ability to serve impartially.

[15] That an inquiry by Renco might have prompted the disclosure, *see* Weiss Aff. ¶ 4, does not change the efficacy of the disclosure.

[16] 1987 WL 17445 (Del. Ch. Sept. 21, 1987).

[17] *Id.* at *1-2.

[18] *Id.* at *2 (internal quotation marks omitted).

*AM General Holdings LLC v. The Renco Group, Inc.*
  C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
  C.A. No. 7668-VCN
May 29, 2015
Page 7

where *ex ante* disqualification is appropriate. For example, actual misconduct[19] or close relationships could clearly render the Third Appraiser conflicted although not technically captured by the order.[20] One could also argue that ordering the parties to continue with Valuation Research would deprive them of the opportunity to make their own informed choices, flouting a major policy goal of disclosure requirements.[21] The situation in front of the Court, though, is that the parties have been attempting to select an appraiser for roughly one year and have ruled out many otherwise qualified firms based on real or perceived conflicts. Renco alleges that Valuation Research cannot serve because MacAndrews AMG did not inform Renco of the significant work Valuation Research does for clients shared with

---

[19] *See Metro. Prop. & Cas. Ins. Co. v. J.C. Penney Cas. Ins. Co.*, 780 F. Supp. 885, 894 (D. Conn. 1991) (reasoning, in a case involving sufficient allegations of misconduct by an arbitrator, that "[t]he 'just' and 'expeditious' policy . . . would be to evaluate [the plaintiff's] claims on the merits of its action for injunctive relief *prior* to arbitration rather than have the parties waste their time, energy, and money by participating in a potentially tainted process").

[20] On the extreme end, if one of the attorneys involved in this action owned Valuation Research, there would be no doubt about a conflict. *See* Oral Arg. on MacAndrews AMG Holdings LLC's Mot. to Order Compliance with Ct.'s Order for Appointment of Third Appraiser and Pl. The Renco Group, Inc.'s Second Renewed Mot. for Appointment of Third Appraiser ("Oral Arg. Tr.") 29-30.

[21] *See Beebe Med. Ctr.*, 751 A.2d at 437.

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
May 29, 2015
Page 8

Paul, Weiss.    Nonetheless, Valuation Research has disclosed this information.

Paul, Weiss has represented that it "did not select, hire, retain, or pay"[22] (or

recommend[23]) Valuation Research to the clients[24] whose engagement of Paul,

Weiss and Valuation Research is at issue.[25]    Perhaps most importantly, the Court

does not conclude that Valuation Research has failed to make material disclosures

or engaged in any misconduct.[26]

---

[22] Reply Aff. of Steven C. Herzog ("Herzog Reply Aff.") ¶ 3, Feb. 10, 2015.

[23] Oral Arg. Tr. 31.    Valuation Research may have appeared on a list of professionals for clients to consider, but there is no reason to believe that Valuation Research was chosen or designated by Paul, Weiss.

[24] There is a discrepancy in the number of mutual clients alleged, but this difference can be explained by the fact that "one" client has various affiliates and subsidiaries. *Id.* at 31-32.

[25] The Court does not fault MacAndrews AMG for not disclosing the ties between its counsel and Valuation Research.    MacAndrews AMG represents that discussions about conflicts focused on whether the individual attorneys in this action, the parties, or the parties' affiliates had ever worked with particular valuation firms.    Herzog Reply Aff. ¶¶ 8-9.    Under the circumstances, MacAndrews AMG's conduct was neither unreasonable nor disingenuous.

[26] At oral argument, Renco implied that Valuation Research should have made its disclosures before the Court appointed the Third Appraiser. *See* Oral Arg. Tr. 37. The Court notes, however, that its selection of Valuation Research was conditioned on a conflicts check.

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
May 29, 2015
Page 9

Renco suggests that the Court should give the parties more time to select a Third Appraiser and, if that effort is unsuccessful, choose between one more firm proposed by each side. Unfortunately, this path is not promising: MacAndrews AMG takes issue with all of Renco's alternative appraisers,[27] and (even if alternative tests are not as limited as MacAndrews AMG suggests) there does not seem to be a principled way to resolve the deadlock.[28] Again, Paul, Weiss has represented that none of its attorneys working on the current matter has worked with Valuation Research[29] and that it has "no personal or financial relationship or

---

[27] Herzog Aff. ¶ 20.

[28] This analysis is fact-specific. If Paul, Weiss's actions materially affected its clients' decisions to retain Valuation Research, Valuation Research had not made its disclosures, or the parties suggested an alternative with a reasonable chance of success, the Court might be persuaded to refrain from enforcing its November 2014 order.

Here, the parties have not questioned the Court's authority to select an appraiser, and the Court sees no reason for further delay. *See Emp'rs Ins. of Wausau v. Jackson*, 505 N.W.2d 147, 152 (Wis. Ct. App. 1993) ("The policy underlying the case law is that courts should stay out of agreed-on arbitrable disputes whenever possible. We agree. However, here the stalemate between the parties requires court action."), *aff'd*, 527 N.W.2d 681 (Wis. 1995).

[29] *See* Herzog Reply Aff. ¶ 7.

*AM General Holdings LLC v. The Renco Group, Inc.*
C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
C.A. No. 7668-VCN
May 29, 2015
Page 10

arrangement" with Valuation Research.[30]  It is hard to believe that major law firms and valuation firms, to whom clients turn for their broad experience and professionalism, would not have common clients.[31]  The conflicts test that Renco offered and the Court found reasonable in November 2014 continues to operate reasonably, and there is the safeguard of judicial review *ex post*.[32]  The Court, thus, will not interfere with Valuation Research's professional assessment about whether it can and should serve as the Third Appraiser.

\* \* \* \* \*

For the reasons above, Renco's motion to designate another appraiser is denied and MacAndrews AMG's motion to confirm Valuation Research's

---

[30] *Id.* ¶ 3.

[31] Given the size and reach of the parties and the law firms representing them, one wonders if there is a valuation firm both qualified for the complex work to be done and without a tinge of any prior relationship with any of them.

[32] *See Anadarko*, 1987 WL 17445, at \*2 ("The arbitrator must of course be aware that such a decision [about ability to serve] would be subject to judicial review after the award had been made." (internal quotation marks omitted)).  The fact of disclosure will also assist review, if necessary.  *See Beebe Med. Ctr.*, 751 A.2d at 439 n.38 (noting that it does not reach discovery in a situation where an arbitrator timely discloses a conflict but that disclosure could create a record that facilitates judicial review).

*AM General Holdings LLC v. The Renco Group, Inc.*
   C.A. No. 7639-VCN
*The Renco Group, Inc. v. MacAndrews AMG Holdings LLC*
   C.A. No. 7668-VCN
May 29, 2015
Page 11

designation is granted subject to Valuation Research's determination of its ability

to serve as a neutral appraiser.[33]

   **IT IS SO ORDERED.**

                                        Very truly yours,

                                        **/s/ John W. Noble**

JWN/cap
cc:   Thad J. Bracegirdle, Esquire
      Joel Friedlander, Esquire
      Register in Chancery-K

---

[33] To be clear, the Court is not dealing with a violation of its November 2014 order. By granting MacAndrews AMG's motion, the Court simply confirms its choice for the Third Appraiser, notwithstanding the subsequent disclosures, assuming that Valuation Research has disclosed all relevant conflicts and remains willing and able to serve.